

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
PROBATE DIVISION

2019 ___ LIT 4___
(linked to 2013 ADM 1132)

Estate of JAMES McBEE



FILED
DOCKETED
FEB 05 2019
SCANNED
Register of Wills
Office of the Probate Division

WESLEY CLARKE
1629 K Street, N.W., ste. 300
Washington, D.C. 20006

_____
Plaintiff

vs.

BERKELEY ASSURANCE CORPORATION
c/o DEGAN BLANCHARD and NASH
400 Poydras Street, ste. 2600
New Orleans, LOUISIANA 70130
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons. A copy of the Answer must also be mailed to each of the other parties named on the complaint.

File the Answer with the Court either before service or within five (5) days after you have served it. The Answer must be filed in Room 314, Building A, 515 Fifth Street, Northwest between 8:30 a.m. and 5:00 p.m., Mondays through Fridays but not Saturdays, Sundays or holidays.

**IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR MONETARY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer, and need information regarding obtaining one, you may wish to contact the Lawyer Referral Service of the D.C. Bar (202-331-4365). If you feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help.

_Wesley L. Clarke_
_____
Name of Plaintiff's Attorney
WESLEY CLARKE

1629 K Street, ste. 300 Wash., D.C. 20006
_____
Address

(202) 257 9730
_____
Telephone

Register of Wills
Clerk of the Probate Division

BY: _____
Deputy Clerk

Date: 2/5/2019

March 2012 – 1210.10.v2

# Superior Court of the District of Columbia

**PROBATE DIVISION**

| | |
|---|---|
| **PLAINTIFF** | 2019 Lit  000004 |
| Wesley L. Clarke, Esq. | linked to |
| 1629 K Street, ste. 300 | 2013 ADM 1132 |
| Washington, D.C. 20006 | |

Vs.

**Berkeley Assurance Corporation**
c/o
**DEGAN, BLANCHARD & NASH**
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130

*[handwritten notations: CW5 2/5/19 Court Cost]*

## COMPLAINT FOR (1) UNWARRANTED DENIAL OF CLAIM
## (2) FAILURE TO CONDUCT A REASONABLE INVESTIGATION OF CLAIM

The plaintiffs, WESLEY L. CLARKE, had a Lawyers Professional Liability policy with Berkeley Assurance Company, policy number VUMC0104491.

Pursuant to allegations from a report of the Auditor Master, the plaintiff filed a claim with the Insurance Company. The policy contains a limit of liability of $250,000, subject to a $5,000. Per claim deductible.

On October 24th, 2017, the plaintiff filed a claim with the Insurance Company, On November 21, 2017, that claim was unjustly denied. Plaintiff, Wesley L. Clarke complains against Defendant Berkeley Assurance Company as follows.

## JURISDICTION

1. Jurisdiction of this Court is founded on D.C. SCR-PD RULE 107 (2001 ed.) and DC. Code 20-107 (a).

**ALLEGATIONS COMMON TO ALL COUNTS**

2. In January 2014, the Plaintiff obtained a Lawyers Professional Liability policy with Plaintiffs Berkeley Assurance Company.

3. In October 2017, due to certain allegations in the in connection with an Auditor Master Report in the case of James R. McBee, 2013 ADM 1132., the Plaintiff filed a claim on that policy with Berkeley Assurance.

4. On November 21st, 2017, the Defendant sent a Declination of Coverage letter based upon the Auditor Master Report.

5. However, Pursuant to Superior Court Rues 50,(f)(4), "the Court must decide de novo all objections to conclusions of law made or recommended by a master.

COUNT 1

BREACH OF CONTRACT

6. Plaintiffs repeat and reallege the allegations contained in Paragraph 1 through 5 of the Complaint as though fully plead herein.

7. The Professional Liability Policy was effective at the time of declination.

8. There was ultimately a Judgement entered against the plaintiff in the amount of some $200,000.00 for damages and attorney fees due to the lack of Defense pursuant to the policy.

9. This Judgment constitutes damages on the part of the Plaintiff.

## COUNT II

### BAD FAITH

10. Plaintiffs repeat and reallege the allegations contained in Paragraph 1 through 5 of the Complaint as though fully plead herein.

11. The Professional Liability Policy was effective at the time of declination.

12. The Plaintiff brought the legal arguments regarding the de novo review to the attention of the Insurance Company, and they still refused to honor the claim.

13. The decision not to honor the claim was made in bad faith because there was no independent investigation prior to the denial and the Berkeley's conclusion was contrary to the law.

## COUNT III

### DECLARATORY JUDGMENT

14. Plaintiffs repeat and reallege the allegations contained in Paragraph 1 through 5 of the Complaint as though fully plead herein.

15. Plaintiff seeks a declaration that the Professional Liability Policy provides full insurance coverage for all damages to the insured.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff prays to the Honorable Court to issue an Order:

1. Compelling Berkeley Assurance Corporation to honor the claim which was made on the policy;

2. Enter Judgement against Berkeley Assurance Corporation in the amount of the Judgment in the McBee matter plus the amount of any post judgment interest or fees, reasonable attorney's fees, and costs.

3. Order Punitive damages.

4. Granting such other and further relief as the Court considers just and proper.

_____

Signature of Attorney

Wesley L. Clarke

1629 K Street, NW Suite 300

Washington, DC 20006

202.257.9730

DC Bar: 474594

## VERIFICATION

I, Wesley Clarke,, being duly sworn, on oath, depose and say that I have read the foregoing amended pleading by me subscribed and that the facts therein stated are true to the best of my knowledge, information and belief.

_____
WESLEY CLARKE

Subscribed to an sworn to before me this 5th day of February 2019.

_____
Notary

In re: McBEE

Verified Complaint

## CERTIFICATE OF SERVICE

I, WESLEY L. CLARKE, hereby certify that a copy of the foregoing Verified Complaint will be served by hand or by certified mail return receipt requested pursuant to DC Code §§ 13-423 and 431 (a)(3) on the following interested parties listed below. This service will have been effectuated on the 5th day of ~~January~~ February 2019.

William McBee

c/o Robert Bunn

910 17th Street, N.W., ste. 800

Washington, D.C. 20006

Champion Mortgage Company

P.O. Box 40724

Lansing, MI 48901



**PROBATE DIVISION, OFFICE OF THE REGISTER OF WILLS**
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
515 5th Street, Third Floor, Washington, DC, 20001

ANNE MEISTER
*Register of Wills*

| | |
|---|---|
| WESLEY CLARKE  **Plaintiff**  Vs  BERKELEY ASSURANCE CORPORATION  **Defendant** | Case No. 2019 LIT 000004 |

### INITIAL ORDER & NOTICE OF PROPOSED SCHEDULE OF EVENTS

Pursuant to D.C. Code, sec. 11-906, Rule 1(f) of the District of Columbia Superior Court Rules of the Probate Division, and Rule 16 of the District of Columbia Rules of Civil Procedure, it is hereby ORDERED as follows:

(1) Effective this date, **February 5, 2019,** this case is assigned to the individual calendar designated below All future filings in this case shall bear the Judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the **Summons, the Complaint, and this Order.** As to any defendant for whom such proof of service has not been filed, the complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR-Civ. 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR-Civ. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR-Civ. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at the Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including mediation. **This order is the only notice that parties and counsel will receive concerning this conference.**

(5) The conference may be continued upon motion filed under SCR-Civ. 16(k).

Chief Judge Robert E. Morin

**Case Assigned to:** Judge MAURICE ROSS
**Initial Conference:** 10:30 am, Wednesday, May 15, 2019
**Location:** Courtroom A-51
515 5th Street, N.W.
Building A, Third Floor WASHINGTON, DC 20001

## PROPOSED SCHEDULE OF EVENTS

The Court will issue a Scheduling Order at the Initial Scheduling and Settlement Conference with your official notice of dates and required Court appearances. Based upon the date of filing of the complaint, the following is the proposed schedule of events being submitted to the Court.

| | |
|---|---|
| Date of filing of complaint | **02/05/2019** |
| Deadline for filing proof of service (60 days from filing of complaint) | **04/06/2019** |
| Date of scheduling conference (within 90-120 days of filing of complaint) | **05/15/2019** |
| Deadline for discovery requests (within 125 days of filing of complaint) | **06/10/2019** |
| Exchange of witness list (within 125 days of filing of complaint) | **06/10/2019** |
| Proponent's expert list with statements (Rule 26(b)(4)) (within 132 days of filing of complaint) | **06/17/2019** |
| Opponent's expert list with statements (Rule 26(b)(4)) (within 146 days of filing of complaint) | **07/01/2019** |
| Discovery closes (within 160 days of filing of complaint) | **07/15/2019** |
| Deadline for filing all motions (except trial motions such as motion in limine, motion to bifurcate trial, other motion respecting the conduct of trial) (within 174 days of filing of complaint) | **07/29/2019** |
| Deadline for meeting in person by attorneys for each party and any unrepresented parties for the purposes outlined in SCR-Civ. 16(c) (see attached) (within 213 days of filing of complaint)<br><br>If parties cannot agree upon a meeting location, the meeting shall be held at 9:00AM in Probate Division, 515 5th Street, NW, Room 311, Washington, DC 20001. | **09/06/2019** |
| Deadline for filing trial motions (motion in limine, motion to bifurcate trial, other motion respecting the conduct of trial) (within 227 days of filing of complaint) | **09/20/2019** |
| Deadline for filing joint pretrial statement with the Court. The joint pretrial statement shall comply with SCR-Civ. 16(e) (see attached).<br><br>(NOTE: statement must be joint and signed by attorneys for each party and any unrepresented party. Separate statements are not acceptable for filing). (within 234 days of filing of complaint) | **09/27/2019** |
| Mediation (within 248 days of filing of complaint) | **To be set at scheduling conference** |
| Pretrial conference (within 262 days of filing of complaint) | **To be set at scheduling conference** |
| **NOTE:** One year from date of filing of complaint | **02/05/2020** |

### SCR-Civil 16. Pretrial conferences; scheduling; management.

**(a) Applicability.**
With the exception of cases assigned to the magistrate judge under Rule 40-III or, unless otherwise ordered by the judge to whom the case is assigned, the provisions of this Rule shall apply to all civil actions and to all small claims actions and landlord-tenant actions certified to the Civil Division for jury trial.

**(b) Initial scheduling and settlement conference.**
In every case assigned to a specific calendar or a specific judge, an initial scheduling and settlement conference shall be held as soon as practicable after the complaint is filed. At that conference the judge will ascertain the status of the case, explore the possibilities for early resolution through settlement or alternative dispute resolution techniques, and determine a reasonable time frame for bringing the case to conclusion. After consulting with the attorneys for the parties and with any unrepresented parties, the judge will place the case on one of several alternative time tracks and will enter a scheduling conference order which will set dates for future events in the case. No attorney need appear in person for the scheduling conference if a praecipe conforming to the format of Civil Action Form 113 (Praecipe Requesting Scheduling Order) signed by all attorneys is filed no later than fourteen days prior to the scheduling conference date consenting to the entry by the Court of a track one or track two scheduling order outside their presence provided that the praecipe certifies that the case is at issue, all parties are represented by counsel, there are no pending motions and the praecipe is accompanied by an addressed envelope or mailing label for each attorney delivered with a copy to the assigned judge's chambers. Neither addressed envelopes nor mailing labels need be provided for documents filed under the Court's electronic filing program. The order will generally include dates for the following events:

(1) Deadline for discovery requests:
   No interrogatories, requests for admission, requests for production or inspection, or motions for physical or mental examinations may be served after this date. Only party depositions ad testificandum and nonparty depositions duces tecum or ad testificandum may be noticed after this date.

(2) Exchange lists of fact witnesses:
   On or before this date, each party must file and serve a listing, by name and address, of all fact witnesses known to that party, including experts who participated in, and will testify about, pertinent events. No witness may be called at trial, except for rebuttal or impeachment purposes, unless he or she was named on the list filed by one of the parties on or before this date or the calling party can establish that it did not learn of the witness until after this date.

(3) Proponent's Rule 26(b)(4) statement:
   By this date a statement comporting with Rule 26(b)(4) must be filed and served by any proponent of an issue (a party asserting a claim or an affirmative defense) who will offer an expert opinion on such an issue.

(4) Opponent's Rule 26(b)(4) statement:
   By this date a statement comporting with Rule 26(b)(4) must be filed and served by any opponent who will offer an expert opinion on such an issue.

(5) All discovery closed:
   After this date, no deposition or other discovery may be had, nor motion relating to discovery filed, except by leave of court.

(6) Deadline for filing motions:
   All motions must be filed by this date, except as provided in paragraphs (b)(5) and (d) of this Rule.

The scheduling conference order may also set dates for the joinder of other parties and amendment of pleadings, the completion of certain discovery, the filing of particular motions and legal memoranda, and any other matters appropriate in the circumstances of the case. The order will also ordinarily specify a date by which dispositive motions will generally be decided, a time period in which mediation or other alternative dispute resolution proceedings will be held, and a time period in which the final pretrial and settlement conference will be held.

All counsel and all parties must take the necessary steps to complete discovery and prepare for trial within the time limits established by the scheduling order. The scheduling order may not be modified except by leave of court upon a showing of good cause; stipulations between counsel shall not be effective to change any deadlines in the order without court approval, provided, however, that any date in the scheduling order except for the date of court proceedings (e.g., status hearings, ex parte proofs, ADR sessions, pretrials and trials) may be extended once for up to 14 days upon the filing and delivery to the assigned judge of a praecipe showing that all parties who have appeared in the action consent to such extension. Any motion to further modify a date so extended must recite that the date in question was previously extended by consent and must specify the length of that extension.

**(c) Meeting three weeks prior to pretrial conference.**
Not less than three weeks prior to the pretrial conference, at least one of the attorneys who will conduct the trial for each of the parties, and any unrepresented parties, shall meet. If such persons are unable to agree on other arrangements, the meeting shall be held at 9:00 a.m. at the Courthouse on that day which is three weeks prior to the date of the pretrial conference. The participants in the meeting shall spend sufficient time together to thoroughly discuss the case and shall make a good faith effort to reach agreement on the following matters:

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of facts and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;
(4) the avoidance of unnecessary proof and of cumulative evidence;
(5) the identification of witnesses and documents;
(6) the advisability of referring matters to a commissioner or master;
(7) settlement of the case or the use of alternative dispute resolution procedures to resolve the dispute;
(8) the form and substance of the pretrial order;
(9) the disposition of pending motions;
(10) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; and
(11) such other matters as may aid in the disposition of the action.

At this meeting each party shall provide to all other parties copies of all documentary exhibits which that party may offer at trial; affixed to each exhibit shall be a numbered exhibit sticker and the exhibits shall be identified, by exhibit number, on an index provided with the exhibits. Each party also shall make all non-documentary exhibits available for examination by other parties at or before this meeting.

**(d) Two weeks prior to pretrial conference.**
Two weeks before the pretrial conference, each party shall file with the Court, serve on all other parties and deliver to the assigned judge in accordance with the provisions of SCR Civil 5(e) any motion in limine, motion to bifurcate, or other motion respecting the conduct of the trial which a party wishes to have the Court consider.

**(e) One week prior to pretrial conference.**
One week prior to the pretrial conference, the parties shall file with the Court and deliver to the assigned judge in accordance with the provisions of SCR Civil 5(e) a joint pretrial statement which shall include a certification of the date and place of the meeting held pursuant to paragraph (c) of this Rule, shall be in a form prescribed by the Court, and shall also include the following items:

(1) A list of any questions which the parties desire to propound, or have propounded, on voir dire;
(2) A list, by number, of those instructions contained in Standardized Civil Jury Instructions for the District of Columbia which the parties wish the Court to give;
(3) The complete text of any jury instruction not found in Standardized Civil Jury Instructions for the District of Columbia which the parties wish to have given;
(4) Any verdict form, other that [than] a general verdict, which the parties wish the Court to utilize, including any special interrogatories to be answered by the jury; and
(5) Any objections and suggestions for alternative language that a party may have to the voir dire questions, jury instructions, verdict form, or SCR Civ. 16(d) pretrial motions submitted by any other party. Objections, if any, by a party to the exhibits submitted by any other party also must be made at this time as part of the joint pretrial statement. A party raising an objection to an exhibit of another party shall attach to the statement of objection a copy of the exhibit to which the objection is made. The Court will not consider any objection or alternative language which is filed beyond the time frames prescribed by this Rule unless the party making the objection or suggestion can establish that the objection or suggestion could not, for reasons beyond that party's control, be timely filed. Except for plaintiff's rebuttal case or for impeachment purposes, no party may offer at trial the testimony of any witness not listed in the pretrial statement of the parties, nor any exhibit not served as required by this Rule, without leave of court.

**(f) Pretrial and settlement conference.**
The lead counsel who will conduct the trial for each of the represented parties, and, unless excused by the judge for good cause shown, all parties shall attend the pretrial and settlement conference. Such counsel and unrepresented parties must bring to the conference their trial exhibits, copies of which were served on other parties pursuant to paragraph (d) of this Rule. If any party proposes to offer more than 15 exhibits at trial, that party's exhibits shall be arranged as follows:
  (i) In nonjury trials, the original exhibits, with numbered exhibit stickers affixed, shall be placed in a loose leaf, three-ring notebook with tabbed divider pages. At the front of the notebook shall be an Exhibit Summary Form (copies of which are available in the Clerk's Office) describing each exhibit by number.
  (ii) In jury trials, the notebook shall contain copies of all the exhibits; the original exhibits, with stickers affixed, shall be placed in a folder, in numerical order, along with the original Exhibit Summary Form.
The conference will generally be held by the judge who will preside at trial and will not be recorded unless the judge orders that the conference be recorded in chambers or conducted and recorded in open court. If settlement of the case cannot be achieved within a reasonable time, the judge will discuss with those attending the conference the pretrial filings of the parties and such of the matters set forth in paragraph (c) hereof as may be pertinent and will set a trial date for the case.

**(g) Pretrial order.**
After the pretrial conference, an order shall be entered reciting the action taken. Insofar as possible, the Court will resolve all pending disputes in the pretrial order. With respect to some matters, it may be necessary to reserve ruling until the time of trial or to require additional briefing by the parties prior to trial. Exhibits, the authenticity of which is not genuinely in dispute, will be deemed authentic and the offering party will not be required to authenticate these exhibits at trial. The pretrial order may set limits with respect to the time for voir dire, opening statement, examination of witnesses, and closing argument and may also limit the number of lay and expert witnesses who can be called by each party. The pretrial order shall control the further course of the action unless modified by a subsequent order. The pretrial order may be modified at the discretion of the Court for good cause shown and shall be modified if necessary to prevent manifest injustice.

**(h) Establishment of trial dates.**
On any date for which the case has been set for trial, the parties and their counsel must be prepared to commence the trial on that date or on any of the two succeeding court days in the event that their case must trail completion of the preceeding [preceding] trial on the judge's calendar.

**(i) Other scheduling or status conferences.**
In addition to the initial scheduling and settlement conference and the pretrial and settlement conference, the Court may in its discretion order the attorneys for the parties and any unrepresented parties to appear before it for other conferences for such purposes as
    (1) Expediting the disposition of the action;
    (2) Establishing continuing control so that the case will not be protracted because of lack of management;
    (3) Discouraging wasteful pretrial activities;
    (4) Improving the quality of the trial through more thorough preparation;
    (5) Facilitating the settlement of the case; and
    (6) Addressing any other matters appropriate in the circumstances of the case.

**(j) Authority of counsel; attendance of parties and principals.**
At least one of the attorneys for each party participating in any conference before trial, or in the meeting described in paragraph (c) hereof, must have authority to enter into stipulations, to make admissions regarding all matters that the participants may reasonably anticipate may be discussed, and to participate fully in all settlement discussions. Unless excused by the judge for good cause shown, all parties and any person not a party whose authority may be needed to settle the case must attend any pretrial conference conducted pursuant to paragraph (f) of this Rule and any alternative dispute resolution session ordered by the Court.

**(k) Continuances.**
No conference provided for in this Rule shall be continued except by order of the judge upon a showing of specific and sufficient reasons why the applicant cannot attend the conference as scheduled or will not be able by the scheduled date to report to the Court the information required by this Rule. Except for applications based on circumstances arising thereafter, application for such continuance must be made to the judge not less than 30 days before the conference sought to be continued. Until an order granting a continuance is docketed, the case shall remain set for conference on the original date.

**(l) Sanctions.**
If a party or a party's attorney fails to obey a scheduling or pretrial order, or fails to appear at a scheduling or pre-trial conference, or is substantially unprepared to participate in the conference, or fails to participate in good faith or has otherwise not complied with the requirements of this Rule, the Court, upon motion or its own initiative, may make such orders with regard thereto as are just, including any of the orders provided in Rule 37(b)(2)(B), (C), and (D). In lieu of or in addition to any other sanction, the court shall require the party or the attorney representing the party, or both, to pay the reasonable expenses, including attorneys' fees, incurred because of any noncompliance with this Rule unless the Court finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.