UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Wesley L. Clarke )<br>       Plaintiff/Counter-Defendant )<br>)<br>v. )<br>)<br>Berkley Assurance Company )<br>       Defendant/Counter-Plaintiff )<br>_____)<br>Berkley Assurance Company )<br>       Third-Party Plaintiff )<br>)<br>v. )<br>)<br>The Estate of James McBee )<br>       Third-Party Defendant )<br>_____) | Civil Action No. 19-CV-00577 (DLF) |

## **MOTION FOR SANCTIONS**

The Personal Representative of the Estate of James R. McBee ("Estate" or "Third-Party Defendant"), Thomas McBee, by and through his undersigned counsel, requests that the Court sanction Wesley L. Clarke for failure to attend his deposition scheduled for October 2, 2019.

Mr. Clarke is the Plaintiff/Counter-Defendant and was properly noticed on September 16, 2019 for a deposition for October 2, 2019. Mr. Clarke failed to attend his deposition.

The Third-Party Defendant asks that 1) the Court issue an Order that the matters sought to be discovered in the deposition shall be taken to be established for the purposes of the action in accordance with the claims of the Third-Party Defendant, 2) that the Court issue an Order refusing to allow Mr. Clarke to oppose any of the claims in the Counterclaim filed by the Third-Party Defendant, 3) that the Court enter a judgment by default that includes a determination as to liability and a grant of all relief sought by the Third-Party Defendant, and 4) that the Court require Wesley Clarke to pay the costs and expenses of Thomas McBee as Personal Representative, including

attorneys' fees, costs for attending the deposition, and the fees of the court reporter, all caused by the failure to attend the deposition.

Further reasons for granting this relief are set forth in the accompanying Memorandum of Points and Authorities.

                                            Respectfully submitted,

                                            /s/ Robert Bunn
                                            Robert Bunn, Esq. #124677
                                            910 17th Street, N.W., Suite 800
                                            Washington, DC 20006
                                            rbunnlaw@aol.com
                                            (202) 293-5552
                                            Counsel for Thomas McBee

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Wesley L. Clarke )<br>   Plaintiff/Counter-Defendant )<br>    )<br>v. )<br>    )<br>Berkley Assurance Company )<br>   Defendant/Counter-Plaintiff )<br>_____ )<br>Berkley Assurance Company )<br>   Third-Party Plaintiff )<br>    )<br>v. )<br>    )<br>The Estate of James McBee )<br>   Third-Party Defendant )<br>_____ ) | Civil Action No. 19-CV-00577 (DLF) |

## **MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION FOR SANCTIONS**

The definitions used in the Motion are used herein. The Third-Party Defendant asks the Court to sanction Mr. Clarke for failure to attend his deposition.

Discovery in this case was to be completed by October 7, 2019. On August 28, 2019, the undersigned emailed Wesley Clarke asking if he would be available for a deposition on October 2, 2019 or October 3, 2019. See Exhibit "A". Mr. Clarke did not respond to the e-mail even though communication with Mr. Clarke is typically through e-mail. On September 16, 2019, the undersigned mailed and e-mailed to Wesley Clarke a Notice to Take Deposition Upon Oral Examination scheduling a deposition for Mr. Clarke on October 2, 2019. See Exhibit "B". Mr. Clarke never responded to the e-mail or Notice to Take Deposition Upon Oral Examination and never stated that October 2, 2019 was not a good day for his deposition.

On September 30, 2019, the undersigned e-mailed Mr. Clarke to remind him of his deposition. See Exhibit "C". On September 30, 2019, Berkley Assurance Company, through their attorney, e-mailed a cross Notice of Deposition to Mr. Clarke. See Exhibit "D".

On October 1, 2019, at 5:44 p.m., Mr. Clarke sent an e-mail to the undersigned and the Defendant's attorney, Mr. White, stating that he was "unable to make tomorrow's appointment. I am stuck in nyc [sic]. I am closing my practice and I am tied up till the first week of November." See Exhibit "E". Mr. Clarke was informed by Mr. White that he had been duly noticed for the deposition and that he was expected to appear at the deposition. See Exhibit "F".

Mr. Clarke did not appear at the October 2, 2019 deposition. Therefore, Wesley Clarke failed to appear for the properly noticed deposition.

Pursuant to Fed. R. Civ. P. 30(b)(1), "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Since Mr. Clarke was properly noticed for a deposition and failed to appear, the Third-Party Defendant is seeking sanctions against the Wesley Clarke under Fed. R. Civ. P. 30 (d)(2) which states, "The court may impose an appropriate sanction-including the reasonable expense and attorney's fees incurred by any party-on a person who impedes, delays, or frustrates the fair examination of the deponent." Further Fed. R. Civ. P. 30(g) states "A party who, expecting a deposition to be taken attends in person or by an attorney may recover reasonable expense for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition".

The Third-Party Defendant is asking for the sanctions set forth in Fed. R. Civ. P. 30 (d)(2) and the reasonable costs and expenses caused by the failure to provide discovery set forth in Fed. R. Civ. P. 30(g). The Third-Party Defendant asks that 1) the Court issue an Order that the matters

4

sought to be discovered in the deposition shall be taken to be established for the purposes of the action in accordance with the claims of the Third-Party Defendant, 2) that the Court issue an Order refusing to allow Mr. Clarke to oppose any of the claims in the Counterclaim filed by the Third-Party Defendant, 3) that the Court enter a judgment by default that includes a determination as to liability and all relief sought by the Third-Party Defendant, and 4) that the Court require Wesley Clarke to pay the costs and expenses of Thomas McBee as Personal Representative, including attorneys' fees, costs for attending the deposition, and the fees of the court reporter, all caused by the failure to attend the deposition.[1]

Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), the court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." The undersigned certifies that he made a good faith attempt to contact Mr. Clarke prior to his hearing to confirm his attendance at the deposition and that Mr. Clarke did not attend the hearing. This certification is being made pursuant to Fed.R.Civ.P.37(d)(1)(B).

For the foregoing reasons, the Third-Party Defendant requests that the Court grant the Motion for Sanctions.

Respectfully submitted,

/s/ Robert Bunn
Robert Bunn, Esq. #124677
910 17th Street, N.W., Suite 800
Washington, DC 20006
rbunnlaw@aol.com
(202) 293-5552
Counsel for Thomas McBee

---

[1] Exhibit G is a copy of the transcript of the statements placed on record at the deposition on October 2, 2019 by the attorneys for the Estate and the Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served, by depositing in the U.S. mail, first class, postage prepaid, to the following addressed persons on the 11th day of October, 2019.

Wesley L. Clarke, Esq.
1629 K Street, N.W. Suite 300
Washington, DC 20006

Wesley L. Clarke, Esq.
12142 Hayland Farm Way
Ellicott City, MD 21042

Berkley Assurance Corporation
c/o William H. White, Jr.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W.
Suite 800
Washington, DC 20036

/s/ Robert Bunn
Robert Bunn